■ LYUDMILA C. SELEKTOR, as Administratrix of the Estate of GENNADY SELEKTOR, Deceased, Appellant-Respondent, v SMILES PARKING Co. et al., Respondents and Third-Party Plaintiffs-Respondents. PARAGON RESTAURANT SUPPLY Co., INC., et al., Third-Party Defendants-Respondents-Appellants. [618 NYS2d 813] —Order, Supreme Court, New York County (Joan Lobis, J.), entered on or about May 7, 1993, which, insofar as appealed from, granted defendants' cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In the absence of any evidence that defendants had experience with or knowledge of criminal activity inside or in the direct vicinity of the parking lot, the IAS Court correctly concluded that decedent's murder inside the parking lot was not reasonably foreseeable and hence defendants had no duty to provide protective measures *(compare, Jacqueline S. v City of New York,* 81 NY2d 288, 295). Since summary judgment dismissing the complaint was properly granted, the motion to dismiss the third-party complaint was rendered moot. Concur —Ellerin, J. P., Wallach, Asch, Nardelli and Tom, JJ.

■ NAMWATIE JINARAIN, Respondent, v WESTINGHOUSE ELEVATOR COMPANY et al., Appellants. (And a Third-Party Action.) [619 NYS2d 563] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered on or about May 30, 1994, which denied defendants', Westinghouse Elevator Company and Westinghouse Electric Corporation, Inc., motion for partial summary judgment dismissing plaintiff's claim for punitive damages, unanimously affirmed, with costs.

The IAS Court properly determined that defendants have not established, as a matter of law, their freedom from gross or wanton misconduct and thus properly denied defendants' motion for partial summary judgment dismissing plaintiff's cause of action for punitive damages. Concur—Ellerin, J. P., Wallach, Asch, Nardelli and Tom, JJ.